IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF PUERTO RICO

| HECTOR LAGUER, | |
|---|---|
| **Plaintiff**, | |
| v. | **Civil No.** 16-2852 (FAB) |
| UNITED STATES OF AMERICA, | |
| **Defendant.** | |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is defendant United States of America's motion to dismiss the complaint pursuant to 28 U.S.C. § 2672 ("section 2672"). (Docket No. 7 at p. 4.) Plaintiff Hector Laguer ("Laguer") filed an opposition. (Docket No. 10.) For the reasons set forth below, the motion to dismiss is **GRANTED**. (Docket No. 7.) Accordingly, the complaint is **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

On December 9, 2014, Hector Laguer was driving his car in Aguadilla, Puerto Rico.[2] (Docket No. 1 at p. 3.) A vehicle driven by James Robin ("Robin") collided with Laguer's car ("2014 Accident"). Id. At the time of the collision, Robin was acting

---
[1] Ian Joyce, a second-year student at Vanderbilt University Law School, assisted in the preparation of this Opinion and Order.

[2] In Laguer's response to the dismissal motion, he claims the accident occurred on December 12, not December 9 as alleged in the complaint. (Docket No. 10 at p. 1.) The date of the accident, however, is inconsequential to the Court's holding today.

in his official capacity as a member of the United States Customs and Border Patrol ("CBP").  Id.

Six weeks after the accident, Laguer submitted a "Standard Form – 95 Claim for Damage, Injury or Death" ("SF-95") to the CBP office in Indianapolis, Indiana ("Form A").[3]  (Docket No. 7-1.) In Form A Laguer detailed $5,2980.04 in property damage to his vehicle as a result of the accident.  Id.  Form A includes a question instructing claimants to list personal injuries.  Id. Laguer responded to the personal injury question by answering "N/A."  Id.  He signed Form A on January 23, 2015.[4]

Pursuant to the Federal Torts Claim Act ("FTCA")'s settlement procedure, 28 U.S.C. § 2672 ("Section 2672"), the Indianapolis CBP offered Laguer a settlement of $1,696.00 for the value of Laguer's vehicle before the accident.  (Docket Nos. 7-1, 7-2, 7-3 and 10 at p. 2.)  In the settlement offer the CBP stipulated that "under the FTCA, acceptance of this settlement shall be final and conclusive and shall constitute a complete release of any claim against the United States and against any employee of the government whose act gave rise to the claim."  Id.  Laguer accepted the settlement on

---

[3] Neither party specifies why Laguer submitted the SF-95 form to the CBP office in Indianapolis as opposed to the CBP office in Puerto Rico, the location of the accident.

[4] Above Laguer's signature the SF-95 form sets forth the following language: I certify that the amount of claim covers only damages and injuries caused by the incident above and agree to accept said amount in full satisfaction and final settlement of this claim.  (Docket No. 7-1.)

Civil No. 16-2852 (FAB)                                            3

April 2, 2015 by submitting a signed voucher ("the settlement").

Id.  Like the initial settlement offer, the voucher provides that

this settlement is a:

> full settlement and satisfaction and release of any and
> all claims, demands, rights, and causes of action of any
> kind, whether known or unknown, including without
> limitation any claims for fees, costs, expenses,
> survival, or wrongful death, arising from any and all
> known and unknown foreseen or unforeseen bodily
> injuries, personal injuries, death, or damage to
> property, which they may have or hereafter acquire
> against the United States of America… on account of the
> subject matter of the administrative claim or suit, or
> that relate or pertain to or arise from, directly or
> indirectly, the subject matter of the administrative
> claim or suit.

(Docket No. 7-3 at p. 2.)  Within a month of the settlement, however, Laguer submitted a second SF-95, this time to the CBP in Puerto Rico, alleging severe bodily injury resulting from the same 2014 accident ("Form B").[5]  (Docket Nos. 1 at p. 2, 7 at p. 2 and 7-4.)  The CBP in Puerto Rico sent a letter to Laguer's attorney requesting medical documentation.  (Docket Nos. 7 at p. 3 and 10 at p. 3.)  Laguer did not provide the CBP with the requested medical records.  (Docket Nos. 7 at p. 3 and 10 at p. 3.)  Without these records, the CBP could not render a decision regarding a settlement.  (Docket Nos. 7 at p. 3 and 10 at p. 3.)  Six months passed without administrative action by the CBP.  (Docket Nos. 1

---

[5] The United States alleges that the CBP in Puerto Rico had no knowledge of the previous settlement involving the CBP in Indianapolis at the time Laguer submitted Form B.  (Docket Nos. 7 at p.2 and 10 at p. 3.)

at p. 2, 7 at p. 5 and 10 at p. 3.) Consequently, Laguer deemed that the CBP denied his claim pursuant to 28 U.S.C. §2401(b) and commenced this action. (Docket No. 1 at p. 1.) Defendant filed a motion to dismiss, Docket No. 7, and plaintiff opposed, Docket No. 10.

## II. DISCUSSION

The United States moved to dismiss the complaint because the "allegations in this case are the object of final and conclusive settlement among the parties." (Docket No. 7 at p. 1.) The United States, nonetheless, failed to cite to the Rules of Civil Procedure. The Court will construe the government's motion as a challenge to subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). See Horen v. Bd. of Educ., 568 F.Supp. 2d 850, 853 (N.D.Ohio 2008) ("Though neither defendant specifies the statutory basis for its motion to dismiss, I interpret both motions as requests for dismissal under Federal Rule of Civil Procedure 12(b)(1)"); Earl v. Norfolk State Univ., Civil No. 13-148, 2014 U.S. Dist. LEXIS 88652 at * 65 (E.D.Va. 2014) ("Because Defendants do not contend that Plaintiff's ADEA claims fail to allege facts 'upon which relief can be granted,' Fed. R. Civ. P. 12(b)(6), and because the result would be the same under either Rule 12(b)(1) or 12(b)(6), the Court proceeds under

Rule 12(b)(1) to 'determine whether the Complaint fails to allege facts upon which subject matter jurisdiction can be based.'").

### A.  Motion to Dismiss Standard under Rule 12(b)(1)

Because "[f]ederal courts are courts of limited jurisdiction," the Court must "begin by ensuring that [it has] jurisdiction to reach the questions presented."  Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).  This Court must construe federal jurisdiction narrowly.  Fina Air Inc. v. United States, 555 F.Supp.2d 321, 323 (D.P.R. 2008) (Besosa, J.).  When a party challenges subject matter jurisdiction through presentation of evidence outside the initial pleadings — a "factual attack" — the court's analysis of jurisdiction is not limited to the allegations in the complaint and it may look beyond the pleadings.  Id. at 324.

When faced with a "factual attack" a court must first determine if the relevant jurisdictional facts are intertwined with the merits of the case.  Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162-63 (1st Cir. 2007).  If the court determines that the facts are intertwined, it should employ the standard applicable to a motion for summary judgment and only grant the motion to dismiss if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law.  Id.  If the facts are not intertwined, however, the court is "free to weigh

the evidence and satisfy itself as to the existence of its power to hear the case." Id. at 163 (citations omitted).

    The facts relating to claim preclusion pursuant to section 2672 are independent of the merits of this case. Here, the United States wages a factual attack to challenge the Court's jurisdiction by introducing evidence of Laguer's settlement with the CBP in Indianapolis. (Docket Nos. 7 at p. 2, 7-1 to 7-4); see Velez v. Servidores Publicos Unidos de Puerto Rico, Civil No. 09-1970, 2011 WL 4371792, at *1 (D.P.R. Sept. 19, 2011) (McGiverin, J.) (evaluating a jurisdictional attack based on parallel litigation in Puerto Rico court under the factual attack standard). The question of whether Laguer previously accepted a settlement pursuant to the FTCA is not intertwined with the merits of Laguer's negligence action against the CBP, which hinges on duty, breach, injury and causation.[6] See Stevens v. U.S., No. 11-1207, 2012 WL 1314187, at *2 (D.Or. Apr. 17, 2012) (evaluating a claim that an FTCA plaintiff had already accepted a settlement under the

---

[6] A claim brought against the United States pursuant to the FTCA is evaluated under the law of the location in which the tortious conduct occurred. See F.D.I.C. v. Meyer, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); Fina Air, 555 F.Supp.2d at 324. In this case the relevant statute is article 1802 of the Puerto Rico Civil Code, which provides "[A] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done [. . .]" Laws of P.R. Ann. tit. 31 §5141. To establish liability pursuant to article 1802, "the plaintiff must show that the defendant owed a duty to the plaintiff, that the duty was breached, that damages resulted, and that those damages were caused by the breach of duty." Calderon-Ortega v. United States, 753 F.3d 250, 252 (1st Cir. 2014).

"separable" factual attack standard). Accordingly, the Court is free to weigh the evidence submitted.[7]

**B.   Sovereign Immunity, FTCA, and Section 2672**

The United States may not be sued without its consent. United States v. Mitchell, 463 U.S. 206, 212 (1983); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000). The FTCA waives this immunity with respect to tort liability. Dynamic Image, 221 F.3d at 39. The FTCA, however, must be strictly construed and contains a myriad of exceptions and limitations which strip the court of subject matter jurisdiction. Id.; Figueroa v. United States, Civil No. 94-2761 (DRD); 1997 WL 117750, at * 2 (D.P.R. Feb. 25, 1997) (Dominguez, J.) (determining the court lacked subject matter jurisdiction when the plaintiff's claim fell within the "discretionary function exception" of the FTCA).

A federal agency may settle a claim brought against it pursuant to the FTCA through section 2672. 28 U.S.C. § 2672. Importantly, section 2672 provides that: "The acceptance by the claimant of any such award, compromise, or settlement shall be

---

[7] No party disputes that Laguer settled his claim pursuant to the information provided in Form A. The parties only argument revolves around the interpretation and application of section 2672, specifically: "The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter". At bottom, the standard regarding factual determinations has little impact on the outcome of the case because the complaint fails pursuant to either analysis for lack of subject matter jurisdiction.

final and conclusive on the claimant, and shall constitute a **complete release of any claim** against the United States and against the employee of the government whose act or omission gave rise to the claim, **by reason of the same subject matter**." Id. (emphasis added).

**C.   Section 2672 Interpretation**

The United States argues pursuant to section 2672 that by accepting the settlement Laguer is barred from bringing any future claim related to the 2014 accident.[8]  (Docket No. 7 at p. 4.)  Laguer contends that the language in section 2672 only precludes future claims of the same type — i.e. the settlement bars Laguer from suing for property damage in district court, but leaves him free to pursue additional claims for personal injury.[9] The Court rejects this proposition.

Neither the United States nor Laguer cite to controlling authority in support of their arguments.  The First Circuit Court

---

[8] Because the Court dismisses the case pursuant to section 2672, the Court need not address the government's second argument regarding plaintiff's failure to exhaust administrative remedies.

[9] Laguer's contention that the Puerto Rico CBP letter requesting medical information "can be interpreted as a will of the agency to process plaintiff's claim" has no merit.  Only Congress can waive the Federal Government's sovereign immunity, and the waiver must be "unequivocally expressed."  U.S. v. Nordic Village Inc., 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 1811 (1992); United States v. Testan, 424 U.S. 392, 399; 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).  The Court cannot find that the federal government has waived its sovereign immunity through "interpretation" of an administrative letter sent by the Puerto Rico branch of the Customs and Border Patrol.  See Stevens v. U.S., No. 11-1207, 2012 WL 1314187, at *2 n. 3, (D. Or. 2012).

of Appeals, however, examined section 2672, then known as section 403(a), in United States v. Wade.[10] See United States v. Wade, 170 F.2d 298, 301 (1st Cir. 1948). The plaintiffs in Wade were injured in 1945, one year before the FTCA's passage, and could only recover partial damages pursuant to the Military Claims Act.[11] Id. at 299. When the plaintiffs retroactively brought a claim for full damages against the Army pursuant to the FTCA, the First Circuit Court of Appeals examined section 2672, determining that had the plaintiffs originally presented their claim pursuant to the FTCA, "it is logical that a settlement and payment of [a claim for damages] by the Federal agency concerned, under the authority of Section 403(a), should be **a complete bar** to an action for damages under the Federal Tort Claims Act." Id. at 301 (emphasis added) (nevertheless allowing the plaintiff's personal injury claims to go forward because the FTCA's retroactive clause suggested that Congress viewed the Military Claims Act as an inefficient remedy). Modern authority from sister circuits also

---

[10] The pertinent language the First Circuit Court of Appeals examined in 1948 is identical to the language that is in the FTCA today.

[11] Plaintiffs were injured by a car driven by the Army on February 22, 1945. U.S. v. Wade, 170 F.2d 298, 301 (1st Cir. 1948). When the FTCA became law in 1946 it allowed for plaintiffs to bring claims "accruing on and after January 1, 1945." Id. at 300.

interpret section 2672 as a complete bar to future claims.[12]  See e.g., Schwarder v. United States, 974 F.2d 1118, 1124 (9th Cir. 1992) (interpreting section 2672 as barring any post-settlement claims made by the settling claimant).  Indeed, other jurisdictions examining the factual scenario presented in this case — a single claimant accepting a settlement for property damage and then later filing a claim for personal injury — have found the second claim barred by section 2672.[13]  See Domingo v. Allen, 28 F.3d 105 (Table) (9th Cir. 1994) (claimant accepted payment for property damage from Postal Service after a car accident then later attempted to bring personal injury claims against the same agency); Murphree v. United States; No. 10-4122-WEB, 2011 WL 1980371, at *1, 7 (D. Kan.

---

[12] See Schwarder v. United States, 974 F.2d 1118, 1124 (9th Cir. 1992) ("We conclude, as a matter of federal law, that an administrative settlement reached pursuant to section 2672 bars further claims by the settling party…"); Serra v. Pichardo, 786 F.2d 237, 240 (6th Cir. 1986) ("[I]t is clear that the words 'by reason of the same subject matter' were not intended to limit the scope of the release to the very claim that was settled."); Jama v. U.S.I.N.S., 343 F.Supp.2d 338, 354 (D.N.J. 2004) ("Once §2672 has been implicated it applies to all claims that have arisen out of the "same subject matter."  All claims are now barred as against the INS . . . because they each arose out of the same conduct . . .").

[13] Although Laguer cites no cases supporting his position, there are cases in which a single claimant has been able to recover a settlement, and then later file a second claim based on the same accident.  These cases are distinguishable and either involved legal factors not present in this case, or were decided pursuant to the relevant state contract law (or both) and as such are not authoritative.  See Reo v. U.S Postal Service, 98 F.3d 73, 75 (3rd Cir. 1996) (claimant's parent's filed first action when she was a minor and the controlling question was if their acceptance of the earlier settlement was valid pursuant to state law); Macy v. United States, 557 F.2d 391, 392-93 (3rd Cir. 1977) (because claimant had crossed out language in the first settlement, the court evaluated the settlement pursuant to state contract law); Bunker v. United States, No. 1:12-cv-1742-CL, 2013 WL 5524688 at *3 (D.Or. 2013) (examining the scope of the releases found in the settlement under Oregon contract law).

2011) (claimant filed a SF-95 Form detailing damage to her car and indicated a "neck, back and head injury", accepted a settlement for the value of her car, and later attempted to bring claim for personal injury); Wright v. United States, 427 F.Supp. 726, 729 (D. Del. 1977) (claimant accepted a settlement for property damage and physical injury then brought suit for pain and suffering); Wexler v. Newman, 311 F.Supp. 906, 907 (E.D.Pa. 1970) (claimant accepted payment for car damage and then later brought suit for personal injury). Furthermore, the claim preclusion set forth in section 2672 is dispositive even when the claimant indicates the existence of a personal injury on the first SF-95 Form and later settles only for property damage. See Murphree, 2011 WL 1980371, at *1.

The Court finds the language in Wade and the more modern authorities cited above to be consistent with the plain language of section 2672. Accordingly, the Court interprets section 2672 as barring a claimant who previously settled with a federal agency pursuant to the FTCA from bringing any subsequent claims, regardless of type, that arise out of the same underlying factual scenario.

The settlement by the CBP in Indianapolis was made explicitly pursuant to section 2672.[14] (Docket No. 7-3.) Even if, as Laguer argues, he settled the first property damage claim with the intention to file a subsequent personal injury claim, and indicated that intention by writing "no injury: reported" and "N/A," his claim remains barred by his acceptance of the settlement.[15] Indeed, Laguer's second claim would be barred even if he had expressly requested personal injury damages in Form A. See Murphree 2011 WL 1980371 at *7. Laguer's subjective intentions regarding the settlement are irrelevant. See Wright, 427 F.Supp. at 729. This is especially true here, given that every document Laguer signed in order to settle the property claim expressed clearly that by accepting the settlement he relinquished the right to bring future claims.[16] Laguer's complaint for personal injury

---

[14] The settlement voucher that Laguer signed stated: "AGENCY APPROVING OFFICIAL: This claim has been fully examined in accordance with Statutory Citation FTCA, 28 U.S.C. § 2672 and approved in the amount of $1696." (Docket No. 7-3.)

[15] Laguer vaguely states that the settlement voucher signed by Laguer and provided to the Court in Docket No. 7-3 was "prepared and redacted by defendant without intervention of the plaintiff." (Docket No. 10.) The Court notes that other than a missing social security number, the settlement voucher has no redactions. (Docket No. 7-3.) The absence of the social security number has no impact on the Court's ruling.

[16] Because Laguer's claim is barred by the jurisdictional requirements of the FTCA, the Court need not determine the validity of the releases located on the settlement's voucher form under Puerto Rico contract law. See Schwarder, 974 F.2d at 1124 ("[A]n administrative settlement reached pursuant to section 2672 bars further claims by the settling party, without regard to the effect it would have as a matter of state law.")

pursuant to the FTCA is barred by section 2672. Consequently, the United States is immune from this action.

### III. CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction to adjudicate this case. Laguer cannot cure his complaint through amendment. Accordingly, the Government's motion to dismiss is **GRANTED** and Laguer's complaint is **DISMISSED WITH PREJUDICE**.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 22, 2017.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE